# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HENRY BROCKETT, <br> Plaintiff, <br> v. <br> STU SHERMAN, <br> Defendant. | Case No. 17-cv-00984-SI <br><br> **ORDER ON INITIAL REVIEW** <br> Re: Dkt. No. 1 |

Joseph Henry Brockett, an inmate at California Substance Abuse Treatment Facility and State Prison in Corcoran, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

The petition and attachments thereto provide the following information: Brockett was convicted in San Mateo County Superior Court in 2004 of first degree burglary, petty theft, and two counts of possession of a dangerous weapon (namely, a dirk or dagger). On March 11, 2004, he was sentenced to sixty years to life in prison. Brockett appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied in 2005. He also filed unsuccessful petitions for writ of habeas corpus in the California Supreme Court in 2016.

Brockett also apparently filed a petition for resentencing under the Three Strikes Reform Act, California Penal Code § 1170.126. It is not known whether he ultimately received any reduction in his sentence. *See People v. Brockett*, 2015 WL 9014616 (Cal. Ct. App. Dec. 16, 2015) (remanding case for further consideration in light of decision in *People v. Johnson*, 61 Cal. 4th 674 (Cal. 2015), that eligibility for resentencing under Three Strikes Reform Act must be decided on a count-by-count basis). The federal petition for writ of habeas corpus challenges Brockett's original sentence from 2004, rather than the resentencing proceedings in 2015.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Brockett presents a single claim in his petition. He contends that California's Three Strikes law violates his right to due process under the U.S. Constitution's Fourteenth Amendment because it is "void for vagueness" as applied to his case. Docket No. 1-1 at 7.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was

---

[1] Brockett also cites the Fifth Amendment's Due Process Clause, but that provision is inapplicable to his situation because Brockett is serving a sentence from a state court. The Fifth Amendment's Due Process Clause limits the federal government, whereas the Fourteenth Amendment's Due Process Clause limits state governments.

2

1  removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after petitioner's conviction became final, and may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

## CONCLUSION

Good cause appearing therefor,

1. The clerk shall serve a copy of this order and the petition upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2. Respondent must file and serve upon petitioner, on or before **September 8, 2017**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent on or before **October 6, 2017**.

4. Respondent may file and serve a reply on or before **October 20, 2017**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

**IT IS SO ORDERED**.

Dated: June 26, 2017

_____
SUSAN ILLSTON
United States District Judge