UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HENRY BROCKETT,<br>Petitioner,<br>v.<br>STU SHERMAN,<br>Respondent. | Case No. 17-cv-00984-SI<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. No. 6 |

Joseph Henry Brockett filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the habeas petition as untimely. For the reasons discussed below, the court dismisses the action as barred by the statute of limitations.

## BACKGROUND

The petition and attachments thereto provide the following information: Brockett was convicted in San Mateo County Superior Court in 2004 of first degree burglary, petty theft, and two counts of possession of a dangerous weapon (namely, a dirk or dagger). "The jury also found true five allegations under [California Penal Code] section 667, subdivision (a) for prior serious felonies, five strike allegations under section 1170.12, subdivision (c)(2), three allegations under section 667.5, subdivision (b) for prior prison terms, and an allegation of probation ineligibility under section 1203, subdivision (e)(4)." *See* Docket No. 6-1 at 3. On March 11, 2004, he was sentenced to sixty years to life in prison.

Brockett appealed. His conviction was affirmed by the California Court of Appeal on February 1, 2005, and his petition for review was denied by the California Supreme Court on April 13, 2005.

More than a decade later, on January 27, 2016, Brockett filed a petition for writ of habeas corpus in the California Supreme Court in which he asserted three claims, including a claim that the trial court's reliance on one of his prior convictions was unconstitutional. On April 13, 2016, the California Supreme Court denied the petition without prejudice to any relief to which Brockett might be entitled after that court decided the then-pending case of *People v. Gallardo*, No. S231260.[1]

On August 22, 2016, Brockett filed another petition for writ of habeas corpus in the California Supreme Court. In this petition, he claimed that his Three Strikes sentence was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The California Supreme Court denied the petition without comment on February 1, 2017.

On February 22, 2017, Brockett mailed his federal petition for writ of habeas corpus to the court. *See* Docket No. 1-1 at 21. Under the prisoner mailbox rule, a petition is deemed filed as of the date on which the prisoner-petitioner gives it to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Brockett's federal petition is deemed to have been filed on February 22, 2017.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (B) an impediment to filing an application created

---

[1] More than a year later, in *People v. Gallardo*, 4 Cal. 5th 120 (Cal. 2017), the California Supreme Court ruled that the Sixth Amendment prevents a trial court from making findings about the conduct that gave rise to a defendant's prior conviction in determining the application of a recidivist sentencing scheme. *Gallardo* followed the line of cases that began with *Apprendi*, and concerned the Sixth Amendment right to have a jury determine every element of a crime and every fact that exposed a defendant to additional punishment. *See Gallardo*, 4 Cal. 5th at 128-32 (citing and discussing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). *Gallardo* did not cite or discuss *Johnson v. United States*, 135 S. Ct. 2551 (2015).

by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The success of respondent's motion to dismiss turns on whether one accepts Brockett's argument that the starting date for the limitations period is "the date on which the constitutional right asserted was initially recognized by the Supreme Court," as provided in § 2244(d)(1)(C). Brockett urges that his limitations period started on June 26, 2015, when the U.S. Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), because his claim is based on that case. He also suggests that the limitations period might have started even later, on April 18, 2016, when *Welch v. United States*, 136 S. Ct. 1257 (2016), held that *Johnson* had announced a substantive rule that applied retroactively on collateral review. *See* Docket No. 5 at 3.

Brockett's argument fails. To understand why his statute of limitations argument fails, it is necessary to review the nature of Brockett's claim as well as the holding in *Johnson* to show how little *Johnson* has to do with Brockett's claim.

Brockett presents a single claim in his federal habeas petition. He contends that California's Three Strikes law[2] violates his right to due process under the U.S. Constitution's Fourteenth Amendment because it is "void for vagueness" as applied to his case. Docket No. 1-1

---

[2] California's Three Strikes Law, which appears in California Penal Code section 667(b)-(i), was enacted by the state legislature and became effective March 7, 1994. (There also is a voters' initiative version of the Three Strikes Law, *see* Cal. Penal Code § 1170.12, which differs in only minor respects.) The heart of the Three Strikes Law is section 667(e), which prescribes increased terms of imprisonment for defendants who have previously been convicted of certain "violent" or "serious" felonies. Section 667(d) provides that "a prior conviction of a serious and/or violent felony shall be defined as: (1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state." Section 1192.7(c), in turn, has a list of 42 different felonies that are defined as serious felonies, including first degree burglary. As relevant here, section 1192.7(c)(18) provides: "As used in this section, 'serious felony' means any of the following: . . . (18) any burglary of the first degree."

at 7. Brockett contends that he is entitled to relief under the reasoning of *Johnson*, 135 S. Ct. 2551. Although Brockett apparently is concerned with burglary, he does not identify any particular language in the Three Strikes law as being vague.

*Johnson* dealt with a particular phrase in the federal Armed Career Criminal Act (ACCA) that many thought was so standardless as to invite arbitrary enforcement. Under ACCA, a defendant convicted of being a felon in possession of a firearm could receive a longer sentence if he had three or more prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1).

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that -- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized phrase is known as the "residual clause," *Johnson*, 135 S. Ct. at 2555-56, and only that residual clause was held to be unconstitutionally vague in *Johnson*. The Supreme Court was "convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557.

Brockett argues in his federal petition that *Johnson* "ruled that the 'Three strikes, you're out' involving felonies was unconstitutional." Docket No. 1-1 at 12. That is plainly wrong, as *Johnson* did not address California's Three Strikes law or issue any broad holding about recidivist sentencing. *Johnson* did not strike down all recidivist sentencing schemes, nor did it even strike down all of ACCA. The Supreme Court specifically limited its holding to the residual clause, explaining that the "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. (Those four enumerated offenses in ACCA are burglary, arson, extortion and a crime that "involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii).)

4

*Johnson* does not have any applicability to California's Three Strikes sentencing law and therefore does not recognize a new rule of constitutional law with regard to California's Three Strikes law. The holding in *Johnson* does not support a later starting date for the AEDPA statute of limitations for Brockett. The court thus rejects Brockett's argument that the limitations period began when the *Johnson* opinion issued in 2015, or when *Welch* made *Johnson* retroactive to cases on collateral review in 2016.

To the extent that Brockett's claim rests on any alleged judicial fact-finding regarding a burglary prior that apparently may have been used to enhance his 2004 sentence, that claim would not be made under the *Johnson* void-for-vagueness analysis and instead would be made under the *Apprendi* line of cases. *See generally* footnote 1. *Apprendi* was decided in 2000, before Brockett's 2004 conviction occurred, and thus would not support a delayed start to the limitations period. Moreover, Brockett apparently asserted an *Apprendi*-type claim in his direct appeal, as the California Court of Appeal's opinion from 2005 rejected Brockett's *Apprendi* claim. *See* Docket No. 6-1 at 11-13. Brockett has shown no basis for a delayed start to the habeas statute of limitations period.

Here, the limitations period began on the ordinary date, when the judgment became final upon "the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review). Brockett's petition for review was denied by the California Supreme Court on April 13, 2005, and he had ninety days in which to file a petition for writ of certiorari in the U.S. Supreme Court. He did not file a petition for writ of certiorari. Brockett's conviction therefore became final on July 12, 2005, the deadline for him to file a petition for writ of certiorari. Brockett's federal habeas deadline was July 12, 2006, one year from that date.

1 The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Brockett is not entitled to any statutory tolling under this provision because he did not file any state habeas petitions until 2016, more than nine years after the limitations period had expired.

The one-year limitations period also can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling bears the burden of establishing: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Brockett has not shown any reason to equitably toll the limitations period.

In summary, Brockett failed to file his federal habeas petition before the statute of limitations period expired. Brockett is not entitled to any statutory tolling or equitable tolling. The petition in this action was filed on February 22, 2017, more than a decade after the limitations period expired on July 12, 2006. The petition must be dismissed because it is untimely.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition is GRANTED. Docket No. 6. The petition is dismissed because it was not filed before the expiration of the habeas statute of limitations period. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 1.4, 2018

SUSAN ILLSTON
United States District Judge